UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERYL RIEKEN, | CASE NO. C22-5385 BHS |
| Plaintiff, | ORDER |
| v. | |
| TIMBERLAND BANK, | |
| Defendant. | |

This matter comes before the Court on Defendant Timberland Bank's Motion to Dismiss for Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6), Dkt. 17, and purported-Plaintiff Angela Ruth's Motion to Remand, Dkt. 21, and Motion to Deem Defendant's Rule 12 Motion Moot or, in the Alternative, to Notify the Trustee Per Rule 17(a)(3) and for Leave to Add Angela Ruth Under Rule 21, Dkt. 23.

**I.  BACKGROUND**

Plaintiff Cheryl Rieken filed a class action complaint against Timberland in Pierce County Superior Court in April 2022. Dkt. 1-1. She alleges that Timberland improperly charged her and others like her certain insufficient funds fees and overdraft fees. *Id.* ¶ 1. She raises state law claims alleging breach of contract, violation of the implied covenant

of good faith and fair dealing, and violation of the Consumer Protection Act, RCW Ch. 19.86. Dkt. 1-1, ¶¶ 113–134.

Timberland removed the case to federal court. Dkt. 1. Its notice of removal acknowledges that both it and Rieken are citizens of Washington. *Id.* ¶¶ 1–2. Nevertheless, Timberland removed based on "related to" bankruptcy jurisdiction under 28 U.S.C. §§ 1334 and 1452. *Id.* ¶ 6. Timberland asserts that Rieken's claims are related to her bankruptcy proceeding because the claims arose in April 2019 and May 2020—before she filed for bankruptcy in March 2021. *Id.* As a result, Rieken's claims belong to the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1).

Timberland asks the Court to dismiss Rieken's claims, arguing she is judicially estopped from bringing her claims because she did not disclose them in her bankruptcy proceeding. Dkt. 17 at 14. It also contends that federal law preempts Rieken's claims and that Rieken fails to state plausible claims for relief on any of her claims. *Id.* at 15–31.

In response to Timberland's motion to dismiss, Rieken amended her complaint as a matter of course under Rule 15(a)(1)(B). Dkt. 19. This amended complaint purported to remove Rieken as the named plaintiff and substitute herself with a new plaintiff, Angela Ruth. *Id.* ¶ 8.

Ruth, as the purported named plaintiff, moves to remand the case to state court, arguing that, "now that Ms. Rieken is no longer in the case," the action is no longer related to Rieken's bankruptcy proceeding. Dkt. 21 at 2. She claims the Court therefore lacks subject matter jurisdiction. *Id.* Ruth also asserts that, even if the action is related to

Rieken's bankruptcy proceeding, it would be subject to discretionary remand under 28 U.S.C. § 1452(b). *Id.* at 3–5.

Ruth also moves to deem Timberland's motion to dismiss moot in light of her amended complaint. Dkt. 23 at 5–7. She argues in the alternative that, if the amended complaint is not valid and Rieken remains the named plaintiff in this action, Rieken should be granted leave to both notify the bankruptcy trustee of the action under Rule 17(a)(3) and add Ruth as a party under Rule 21. *Id.* at 7–11. She also moves in the alternative to reset or moot the deadline to respond to Timberland's motion to dismiss. *Id.* at 12.

Timberland argues that Rieken was not entitled to amend the complaint under Rule 15 to substitute Ruth as the named plaintiff and, therefore, the amended pleading did not moot the motion to dismiss. Dkt. 20 at 2–3; Dkt. 25 at 7–10. Timberland also argues that Rieken's request for discretionary remand under 28 U.S.C. § 1452(b) is waived because she was required to make this request within 30 days of removal under 28 U.S.C. § 1447(c). Dkt. 25 at 12. Finally, Timberland asserts that, because Rieken's claims belong to her bankruptcy estate, she lacks standing to amend the complaint to substitute Ruth into this action and, instead, the Court must dismiss the action. Dkt. 20 at 3–4.

## II.  DISCUSSION

The Court must determine whether Rieken was entitled to amend the complaint to substitute Ruth as the named plaintiff. To make this determination, the Court first considers whether Rieken has standing to sue.

1    Rieken alleges that Timberland improperly charged her overdraft fees in April
2    2019 and non-sufficient funds fees in May 2020. Dkt. 1-1, ¶¶ 20, 101. Thereafter, in
3    March 2021, Rieken filed a chapter 7 voluntary petition for bankruptcy relief. Dkt. 24-1
4    at 2. The filing of this petition created an estate, which was comprised of "all legal or
5    equitable interests of the debtor in property as of the commencement of the case." 11
6    U.S.C. § 541(a)(1). This included causes of action. *See United States v. Whiting*, 462 U.S.
7    198, 205 n.9 (1983).

8    Once a trustee was appointed to the bankruptcy estate, Rieken's "assets and claims
9    pass[ed] to the trustee, making the trustee 'the proper party in interest.'" *In re Eisen*, 31
10   F.3d 1447, 1451 n.2 (9th Cir. 1994) (quoting *Hancock Bank v. Jefferson*, 73 B.R. 183,
11   185 (Bankr. S.D. Miss. 1986)); *accord Griffin v. Allstate Ins. Co.*, 920 F. Supp. 127, 130
12   (C.D. Cal. 1996) ("Because the bankruptcy trustee controls the bankruptcy estate, it is the
13   real party in interest in suits that belong to the estate."). As such, Rieken "may not
14   prosecute a cause of action belonging to the bankruptcy estate absent a showing her
15   claims were exempt from the bankruptcy estate or abandoned by the bankruptcy trustee."
16   *Runaj v. Wells Fargo Bank*, 667 F. Supp. 2d 1199, 1206 (S.D. Cal. 2009).

17   Rieken does not allege or demonstrate that her claims were either exempt from the
18   bankruptcy estate or abandoned by the bankruptcy trustee. Therefore, the bankruptcy
19   trustee is the real party in interest and Rieken lacks prudential standing to advance the
20   claims. *See Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004) (holding a
21   debtor lacks prudential standing to advance claims that belong to the bankruptcy estate);
22

*In re Kreisel*, 399 B.R. 679, 688 (Bankr. C.D. Cal. 2008) ("[S]tanding to sue and be sued . . . transferred solely to the trustees when each Chapter 7 bankruptcy was filed.").

Because Rieken is not the real party in interest, the Court must decide whether she was entitled to amend the complaint to substitute Ruth as the named plaintiff. Timberland asserts that, "[w]here, as here, the named Plaintiff does not possess the claims at issue . . . , the Court cannot substitute another party for the Plaintiff and must dismiss the action." Dkt. 20 at 4 (citing *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003)). In *Lierboe*, the Ninth Circuit held that the named plaintiff in a class action lacked constitutional standing because, after the federal district court certified the class, the state supreme court clarified that that she did not have a legally cognizable claim. 350 F.3d at 1022. The court considered "whether the suit must be dismissed without more, or if other proceedings may follow under which it may be possible that the suit can proceed as a class action with another representative." *Id.* at 1023. The court held that, "because this is not a mootness case, in which substitution or intervention might have been possible, we remand this case to the district court with instructions to dismiss." *Id.*

However, unlike the named plaintiff in *Lierboe*, Rieken merely lacks prudential standing, not constitutional standing. *See Dunmore*, 358 F.3d at 1111–12. Indeed, Rieken has constitutional standing because she alleges to have suffered an "injury in fact" that is fairly traceable to Timberland's conduct and that a favorable court decision could likely redress. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). As such, *Lierboe* does not apply. *See Neal v. NaturalCare, Inc.*, No. EDCV 12-0531-DOC (OPx), 2014

1    WL 346639, at *5 (C.D. Cal. Jan. 30, 2014) ("*Lierboe* does not apply . . . where the

2    problem is prudential, not constitutional, standing.").[1]

3         Nevertheless, because Rieken is not the real party in interest, she was not entitled

4    to prosecute the case by amending the complaint to substitute Ruth as the named plaintiff.

5    Federal Rule of Civil Procedure 17(a)(1) provides that "[a]n action must be prosecuted in

6    the name of the real party in interest." Black's Law Dictionary defines "prosecute" as

7    "[t]o commence *and carry out* (a legal action) [e.g.,] because the plaintiff failed to

8    prosecute its contractual claims, the court dismissed the suit[]." *Black's Law Dictionary*

9    1258 (8th ed. 2004) (emphasis added).

10        These definitions are consistent with the way that courts interpret the term

11    "prosecute" in Rule 41(b), which provides for dismissal when a plaintiff "fails to

12    prosecute." Under that rule, "[i]t is plaintiff's obligation *to move his case to trial*, and

13    should he fail to do so in a reasonable manner, his case may be dismissed with

14    prejudice . . . for his unjustified conduct." *West v. City of New York*, 130 F.R.D. 522, 524

15    (S.D.N.Y. 1990) (emphasis added); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630

16    (1962) (a case may be dismissed for "lack of prosecution" when it "ha[s] remained

17    dormant because of the inaction or dilatoriness of the parties seeking relief").

---

[1] When a plaintiff lacks constitutional standing, there is no "'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). "In that event, the suit should be dismissed under Rule 12(b)(1)." *Id.* However, "[a] plaintiff's lack of prudential standing does not rob the court of subject matter jurisdiction, but rather can be remedied under Federal Rule of Civil Procedure 17(a)." *Schneider v. Unum Life Ins. Co. of Am.*, No. CV05-1402 PK, 2008 WL 1995459, at *3 (D. Or. May 6, 2008) (citing *Dunmore*, 358 F.3d at 1112).

Filing an amended complaint is prosecuting a case.[2] Because Rieken is not the real party in interest, she was not permitted to prosecute the case and, therefore, her act of filing the amended complaint violated Rule 17(a)(1). The only person that Rieken was entitled to substitute into this action was the bankruptcy trustee. *See* Rule 17(a)(3) (authorizing the real party in interest to be substituted into the action). Rieken did not do this. Instead, she attempted to substitute into this action Ruth—a person who has no relation to her claims and whose claims are based on a different set of facts. On this basis alone, Rieken's attempt to amend the complaint was improper.

But that is not the only reason why Rieken's attempt to amend the complaint fails. "[W]hen the named plaintiff's claim is defective—say, for instance, the named plaintiff lacks standing—substitution of that named plaintiff is permissible only when the class or collective has already been certified." *Castillo v. United Rentals (N. Am.), Inc.*, No. 17-cv-1573 JLR, 2018 WL 3429936, at *2 (W.D. Wash. July 16, 2018) (collecting cases). This is because, "once certified, a class acquires a legal status separate from that of the named plaintiffs" such that, "while a loss of standing might justify dismissal of the named plaintiff as a representative, it d[oes] not necessarily call for the simultaneous

---

[2] By analogy, courts have routinely found a failure to prosecute when a party is required, but fails, to file an amended complaint. *See, e.g.*, *Wolff v. California*, 318 F.R.D. 627, 629 (C.D. Cal. 2016) (dismissing a case for failure to prosecute because plaintiff was required, but failed, to file an amended complaint); *Clark v. Martinez*, No. 21-55933, 2022 WL 4298578, at *1 (9th Cir. Sept. 19, 2022) (affirming a dismissal for failure to prosecute because the plaintiff was required, but failed, to file an amended complaint); *Rochester v. Rowe*, 471 F. App'x 642, 642 (9th Cir. 2012) (same). Therefore, by filing an amended complaint, Rieken prosecuted the case, even if her purpose in doing so was to substitute herself out of the action.

1   dismissal of the class action, if members of that class might still have live claims."

2   *Birmingham Steel Corp. v. Tenn. Valley Auth.*, 353 F.3d 1331, 1336 (11th Cir. 2003).

3   The only circumstances under which a named plaintiff is entitled to substitute prior to class certification is when that plaintiff is both capable of and "intends to become part of the class, such that her claims persist and the case or controversy remains active, and when plaintiff's counsel is able to produce a proposed substitute immediately." *Castillo*, 2018 WL 3429936, at *3 (quoting *Aguilar v. Boulder Brands, Inc.*, No. 3:12-CV-01862-BTM-BGS, 2014 WL 4352169, at *9 (S.D. Cal. Sept. 2, 2014)). However, because Rieken lacks prudential standing, she is not entitled to become part of the class such that her claims would persist and the case or controversy would remain active. Therefore, Rieken was not entitled to substitute Ruth as the named plaintiff. *See Myers v. Intuit, Inc.*, No. 17cv1228-WQH-BLM, 2018 WL 2287425, at *7–8 (S.D. Cal. May 18, 2018) (denying a pre-certification motion to substitute because the named plaintiff lacked prudential standing); *Neal*, 2014 WL 346639, at *5 (decertifying a class and dismissing an action with prejudice because information revealed that, before the class was certified, the sole named plaintiff was deprived of prudential standing).

To allow Rieken to substitute Ruth into this action would effectively allow this action to begin anew. However, courts "will not permit amendments that amount to a 'back-door attempt to begin the action anew' where, in all likelihood, 'the original plaintiffs were never qualified to represent the class.'" *Velazquez v. GMAC Mortg. Corp.*, No. CV 08-05444 DDP (PLAx), 2009 WL 2959838, at *4 (C.D. Cal. Sept. 10, 2009) (quoting *Lidie v. State of California*, 478 F.2d 552, 555 (9th Cir. 1973)).

1    For these reasons, Rieken's attempt to amend the complaint to substitute Ruth as the named plaintiff was ineffective. Accordingly, the amended complaint does not function as the operative complaint, and it does not moot Timberland's motion to dismiss.

The Court next addresses whether the case should be dismissed for failure to prosecute in the name of the real party in interest. Rule 17(a)(3) generally allows a plaintiff to avoid dismissal until the real party in interest has been provided a reasonable opportunity to ratify, join, or be substituted into the case:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3).

However, "[d]espite the broad wording of Rule 17(a)(3), the Advisory Committee Notes associated with the Rule state that the . . . clause is 'intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made.'" *Absher Const. Co. v. N. Pac. Ins. Co.*, No. 10-cv-5821 JLR, 2012 WL 13707, at \*6 (W.D. Wash. Jan. 3, 2012) (quoting Fed. R. Civ. P. 17, Advisory Committee Notes 1966). As a result, "courts have imputed some limitation on its application. In particular, a plaintiff must show that his 'decision to sue in his own name was an understandable mistake.'" *In re Phenylpropanolamine Prods. Liab. Litig.*, MDL No. 1407, 2006 WL 2136722, at \*3 (W.D. Wash. July 28, 2006) (some internal quotation marks omitted) (quoting *Dunmore*, 358 F.3d at 1112).

1  Rieken does not satisfy her burden under Rule 17(a)(3). She cannot establish that
2  it was difficult to determine that the bankruptcy trustee was the real party in interest. *See*
3  *Samson v. Wal-Mart Stores, Inc.*, No. CV 12-39-M-DWM, 2013 WL 12141486, at *2 (D.
4  Mont. Apr. 30, 2013) (ruling that, where a plaintiff had filed for bankruptcy, it was not
5  difficult to determine that the trustee was the real party in interest). She also does not
6  argue or present any evidence that an understandable mistake was made in bringing the
7  action in her own name.

8  Accordingly, the case is DISMISSED with prejudice and Rieken's motion for
9  leave to notify the bankruptcy trustee is DENIED. Because Rieken lacks the authority to
10 prosecute this case under Rule 17(a)(1), her motion for leave to add Ruth as a party under
11 Rule 21 is also DENIED.[3] Furthermore, because Rieken was not authorized to amend the
12 complaint to substitute Ruth as the named plaintiff, the motion to remand is DENIED as
13 moot.

14 Additionally, because the case is dismissed for failure to prosecute in the name of
15 the real party in interest—a basis not raised in Timberland's motion to dismiss—the
16 motion to dismiss is DENIED as moot. As such, Rieken's motion to deem Timberland's
17 Rule 12(b)(6) motion moot is DENIED as moot. Finally, Rieken's motion for leave to
18 oppose Timberland's motion to dismiss is also DENIED as moot.

---

[3] Nothing in this order prohibits any action that may be subsequently brought by the bankruptcy trustee as the real party in interest. *See Ronsick v. Phariss*, 286 F.2d 316, 318 (10th Cir. 1960) (clarifying that a case dismissed for failure to prosecute in the name of the real party in interest does not bar a subsequent action filed by the proper party). Additionally, because Ruth was never made a party to this action, this order also does not bar her from filing her claims in a separate action.

### III.  ORDER

Therefore, it is hereby **ORDERED** that the case is **DISMISSED with prejudice**. Timberland's Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6), Dkt. 17, is **DENIED as moot**. The Motion to Remand, Dkt. 21, is **DENIED as moot**. Finally, the Motion to Deem Defendant's Rule 12 Motion Moot or, in the Alternative, to Notify the Trustee per Rule 17(a)(3) and for Leave to Add Angela Ruth under Rule 21, Dkt. 23, is **DENIED**.

The clerk shall enter a JUDGMENT and close the case.

Dated this 4th day of November, 2022.

_____
BENJAMIN H. SETTLE
United States District Judge